IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TOM WELLS,
    Plaintiff,

vs.                                      Case No. 3:12cv230/MCR/CJK

ESCAMBIA COUNTY, et al.,
    Defendants.

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, commenced this action on May 16, 2012, by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). The complaint was not accompanied by the filing fee or a motion for proceed *in forma pauperis*. Accordingly, on May 31, 2012, the Court entered an order directing plaintiff to submit, within thirty days, the $350.00 filing fee or a motion to proceed *in forma pauperis*. (Doc. 3). Plaintiff was warned that failure to comply with the order would result in a recommendation that this case be dismissed. (*Id.*). Plaintiff did not respond to the order. On July 24, 2012, the Court issued an order directing plaintiff to show cause why this case should not be dismissed for failure to comply with an order of the Court. (Doc. 4).

Copies of the May 31, 2012 order and July 24, 2012 order were mailed to plaintiff at his address of record. The copy of the May 31, 2012 order was returned

as undeliverable, marked "Return to Sender – Not Deliverable as Addressed - Unable to Forward." (Doc. 5). The copy of the July 24, 2012 show cause order was returned as undeliverable, marked "Return to Sender – Vacant – Unable to Forward." (Doc. 6). To date, plaintiff has not complied with the Court's May 31, 2012 order, or notified the Court of his current address.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with an order of the Court and failure to keep the Court informed of his current address.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 8th day of August, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).